UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER GEORGE WILEY**

**VERSUS**

**STATE OF LOUISIANA**

**CIVIL ACTION**

**NO. 21-409-SDD-SDJ**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 3, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER GEORGE WILEY

VERSUS

STATE OF LOUISIANA

CIVIL ACTION

NO. 21-409-SDD-SDJ

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, a person confined at the Central Louisiana State Hospital, Pineville, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Defendant, State of Louisiana, complaining that the constitutional rights of his ancestors were violated. He seeks injunctive relief ordering Defendant to give to him 40 acres and a mule.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based

on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, Plaintiff alleges the following: Plaintiff's mother, Sue Wilson, was born in 1899 in Angola, Louisiana. Her mother and father were Mary and James Wilson. Sue Wilson died in 1992 at the age of 102. Her daughter, Melanie, was born in 1921 and is now 100 years old. Both Sue and Melanie were members of the Pride Society of Baton Rouge. Plaintiff's family has, in his words, "beat the law," and Plaintiff requests that the State of Louisiana be ordered to give him 40 acres and a mule.

The phrase "40 acres and a mule" is historically associated with Special Field Order No. 15 issued on January 16, 1865, by Union General William T. Sherman. The Order called for the redistribution of confiscated land to freedmen in 40-acre plots. However, as explained by the Court in *Marshall v. United States,* No. 09-431C, 2010 WL 125978, at *1 n. 1 (Fed. Cl. Jan. 14, 2010), the Order was never enacted into law:

> "…, General Sherman's order was issued during the later stages of the Civil War and, specifically, during General Sherman's march through Georgia. *See* William Tecumseh Sherman, *Memoirs of General W.T. Sherman* 730–32 (Charles Royster ed., Library Classics of the United States 1990) (1875) (text of Special Field Orders, No. 15); *see also* Noah Andre Trudeau, *Southern Storm: Sherman's March to the Sea* 521 (2008). Starting from Chattanooga, General Sherman entered Georgia in May 1864, and hard

fighting ensued around Marietta as Sherman headed for Atlanta. *See* Sherman, *supra,* at Chs. XVI–XVIII (detailing Sherman's Atlanta campaign from Nashville and Chattanooga to Kenesaw Mountain and on to Atlanta); James Lee McDonough & James Pickett Jones, *War So Terrible: Sherman and Atlanta* (1987) (providing an extensive history of the Atlanta campaign). That city was eventually captured in September 1864, *see* Sherman, *supra,* at Ch. XIX; Charles Royster, *The Destructive War: William Tecumseh Sherman, Stonewall Jackson, and the Americans* 325–27 (1991), and General Sherman then began his "march to the sea" which ended with the capture of Savannah on December 21, 1864. Trudeau, *supra,* at 494–503; Burke Davis, *Sherman's March* Chs. 10–11 (1980) (describing the capture of Savannah). From Savannah, General Sherman marched north in the Spring of 1865 through the Carolinas. *See* Sherman, *supra,* at Ch. XXIII (detailing the campaign in the Carolinas). General Sherman's Special Field Order No. 15 confiscated as federal property a strip of coastline stretching from Charleston, South Carolina to the St. John's River in Florida, including Georgia's Sea Islands and the mainland thirty miles in from the coast. *See id.* at 730. General Sherman's order was never enacted into law, and in June 1865, President Johnson pardoned Confederate landowners and returned to them their confiscated lands, thus effectively nullifying the order. *See* Eric Foner, *A Short History of Reconstruction, 1863–1877,* 32, 65, 71–72, 78 (1990)."

Additionally, the Order did not provide for a mule, but "some [families] also received leftover Army mules." Sarah McCammon, *The Story Behind '40 Acres and a Mule'*, NPR Code Switch (Dec. 21, 2021, 11:56 AM), https://www.npr.org/sections/codeswitch/2015/01/12/376781165/the-story-behind-40acres-and-a-mule. However, after the assassination of President Abraham Lincoln, President Andrew Johnson reversed the Order. *Id.* As such, Plaintiff's claim has no arguable basis in the law[1].

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant

---

[1] Furthermore, section 1983 only imposes liability on a " person" who violates another's constitutional rights under color of law. A state is not a "person" under 42 U.S.C. § 1983. *Will v. Michigan,* 491 U.S. 58, 70–72 (1989).

case, having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on January 3, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, " In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."